

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

May 10, 2021

**By ECF**

Hon. Katherine Polk Failla
United States District Judge
United States District Court for the
 Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *SEC v. Adam Mattessich*, 18 Civ. 5884 (KPF) (S.D.N.Y.)

Dear Judge Failla:

      Plaintiff Securities and Exchange Commission (the "Commission") respectfully writes, pursuant to Rule 3(C) of the Court's Individual Rules of Practice in Civil Cases and Local Civil Rule 37.2, to request that the Court schedule a pre-motion discovery conference concerning the Commission's request to re-open fact discovery to permit one additional deposition prior to trial, which is not scheduled to begin for more than eight months. The Commission seeks to depose Philip Marber ("Marber"), the former CEO of Cantor Fitzgerald & Co. ("Cantor"). In opposition to summary judgment, Defendant Adam Mattessich ("Mattessich") made new factual assertions about his conversations with Marber that were substantially different than the account Mattessich gave in his prior testimony. Although Mattessich also plans to seek leave of the Court to re-open discovery prior to trial for a different purpose (*see* Dkt. No. 77), Mattessich opposes the Commission's request to depose Marber. For the reasons below, the Court should re-open fact discovery to permit the Commission to take Marber's deposition.

**I.      Relevant Factual and Procedural Background**

      In this case, the Commission alleges that Mattessich aided and abetted Cantor's violation Section 17(a) of the Securities Act of 1934 and Rule 17a-3(a)(19) (the "Compensation Record Rule") by virtue of his role in an off-book commission-splitting scheme in which he received personal check payments from his subordinate and co-Defendant Joseph Ludovico ("Ludovico"). (*See* Compl. (Dkt. No. 1) ¶¶ 1–10, 32, 34.) The Court denied the motions to dismiss in September 2019 and entered a final consent judgment against Ludovico in December 2019. (Dkt. Nos. 41, 58.)

      Pursuant to the Court's Civil Case Management Plan and Scheduling Order (Dkt. No. 50), fact discovery initially was scheduled to close on February 28, 2020, with expert discovery then closing on April 13, 2020. On February 19, 2020, the Court granted the Commission's request on consent to extend the close of fact discovery to March 9, 2020, which the Commission sought in order to take an additional deposition of one of Mattessich's former supervisors in light of Mattessich's deposition testimony. (Dkt. No. 60.) In total, during discovery, the Commission took seven fact depositions while Mattessich took the deposition of the Commission's expert.

      The Commission filed its motion for summary judgment as to liability against Mattessich on May 1, 2020. In its motion, the Commission relied on Mattessich's admissions in both his deposition and investigative testimony concerning, among other things, Mattessich's supposed

conversations with Marber and Mattessich's knowledge that "[a]s early as 2002, Mattessich asked for—but Cantor denied him—permission to link his AE Code to a customer account so that he could earn commission compensation from Cantor." (SEC Mem. of Law (Dkt. No. 65) at 11; SEC 56.1 Stmt. (Dkt. No. 66) ¶¶ 28–29.)

Mattessich disputed these facts in his responsive Rule 56.1 statement and made additional factual assertions concerning Mattessich's supposed conversations with Marber. Specifically, in Paragraph 57, Mattessich asserted that he "requested permission from Marber to service the Smith account and receive payouts for this work, and Marber granted Mattessich's request." (Mattessich 56.1 Stmt. (Dkt. No. 69) ¶ 57.) The Commission disputed this statement because, based on Mattessich's own testimony, his "request" was to receive commission compensation from Cantor and that request was denied. (SEC Reply 56.1 Stmt. (Dkt. No. 72) ¶ 57.) In Paragraph 58, Mattessich goes on to assert that he:

> [A]ttempted to explain to Marber that there was an administrative issue with his AE code whereby administrative fees, some of them entirely erroneous and none of them properly credited to Mattessich, were assigned Mattessich's AE code and accrued to him and prevented him from obtaining proper commission compensation directly through his AE code.

(Mattessich 56.1 Stmt. ¶ 58.) The Commission disputed this statement as well because the cited deposition testimony contains no reference at all to an administrative issue with Mattessich's account executive ("AE") code (let alone this detailed description) and no reference at all to any "attempt" by Mattessich to explain such an issue to Marber. (SEC Reply 56.1 Stmt. ¶ 58.)

On March 1, 2021, the Court granted in part and denied in part the Commission's motion for summary judgment, holding that the Commission had established Cantor's primary violation of the Compensation Record Rule as a matter of law but that there were disputed issues of material fact as to Mattessich's knowledge and substantial assistance of that violation. (Opinion & Order (Dkt. No. 76) at 18.) With respect to Mattessich's knowledge, the Court relied on Paragraphs 57 and 58 described above in holding that "Defendant's claim that he reasonably believed that Cantor's CEO gave him permission to engage in the commission-splitting scheme due to an administrative issue with his AE code raises a disputed issue of fact as to Defendant's scienter." (*Id.* at 23.)

On April 6, 2021, the Court scheduled trial to begin on January 31, 2022. (Dkt. No. 78.) Among other deadlines, the Court's Order requires the parties to exchange drafts of their portions of the Joint Pretrial Order by no later than December 27, 2021. (*Id.*) On April 26, 2021, the Commission raised with Mattessich's counsel its intention to seek leave of the Court to depose Marber prior to trial. The parties met and conferred by telephone on May 4. On May 5, Mattessich's counsel confirmed by email that they would oppose Marber's deposition.

**II.     The Court Should Grant the Commission's Motion to Re-Open Discovery**

Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The decision to re-open discovery is within a district court's discretion." *Krawec v. Kiewit Constructors Inc.*, No. 11 Civ. 0123 (LAP), 2013 WL 1104414, at *8 (S.D.N.Y. Mar. 1, 2013) (granting motion to re-open discovery following summary judgment and prior to trial). Specifically, courts in this District consider the diligence of the moving party as well as:

> 1) the imminence of trial; 2) whether the request is opposed; 3) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; 4) prejudice to the non-moving party; and 5) whether further discovery is likely to lead to relevant evidence.

*Id.* (citations omitted). On balance, these factors weigh in favor of granting the instant application.

The Commission chose not to depose Marber during fact discovery because there was no evidence that Marber authorized Mattessich to receive off-book commission payments. In fact, Mattessich testified that Marber denied his request to receive commission payments using Mattessich's AE code and told Mattessich they would figure out payments at a later date. (*See, e.g.*, Mattessich Dep. Tr. (Dkt. No. 67-3) at 39:13–23, 40:12–41:14, 122:21–123:25.) The new assertion by Mattessich in opposition to summary judgment—that Marber granted Mattessich's request to receive payments in the context of a discussion related to an administrative issue with Mattessich's AE code (*see* Mattessich 56.1 Stmt. ¶¶ 57–58)—makes Marber a likely trial witness. Marber's deposition is likely to lead to relevant evidence concerning, among other things, whether Marber authorized Mattessich to receive commissions off the books. Commission counsel has learned that Marber likely will not corroborate and may dispute Mattessich's new assertions on this subject.

Trial is not imminent. Pursuant to the Court's Order of April 6, 2021, trial will not begin until the end of January 2022 (more than eight months from now) and the first pretrial dates are not until the end of December 2021 (more than seven months from now). (Dkt. No. 78.) Though Commission counsel advised the Court in the parties' joint status letter that we did not believe additional discovery was necessary (Dkt. No. 77), we reconsidered that position after the Court set a trial date. The Commission believes a deposition of Marber will help make both the pretrial and trial process more efficient as it relates to Marber's and Mattessich's expected trial testimony. Since the Court set a trial date, the Commission has diligently undertaken to communicate with Marber's counsel concerning a possible deposition and to meet and confer with Mattessich's counsel concerning their position.

With respect to prejudice, Mattessich's counsel points to the cost burden associated with an additional deposition and the possibility that, if Marber's testimony did not support Mattessich's position, the Commission might move for reconsideration of the Court's summary judgment decision. During the May 4 meet and confer call, Commission counsel offered several options to reduce these costs—a remote deposition to save on travel, of a length less than seven hours, with the parties exchanging exhibits in advance—and stated that the Commission would not file such a motion for reconsideration. Mattessich rejected these proposals. The Commission submits that any incremental burden the Marber deposition may impose is outweighed by the additional clarity and streamlining of fact issues for trial that will result.

For these reasons, the Commission respectfully requests a pre-motion discovery conference concerning the Commission's request to take Marber's deposition prior to trial.

Respectfully submitted,

/s/ Lee A. Greenwood

Lee A. Greenwood
Senior Trial Counsel

cc: All counsel of record by ECF