**TALKIN, MUCCIGROSSO & ROBERTS, L.L.P.**
ATTORNEYS AT LAW
40 EXCHANGE PLACE
18TH FLOOR
NEW YORK, NEW YORK 10005

(212) 482-0007 PHONE
(212) 482-1303 FAX
WWW.TALKINLAW.COM
EMAIL: INFO@TALKINLAW.COM

MARYLAND OFFICE:
5100 DORSEY HALL DRIVE
SUITE 100
ELLICOTT CITY, MD 21042

410-964-0300

NEW JERSEY OFFICE:
2500 PLAZA 5
HARBORSIDE FINANCIAL CENTER
JERSEY CITY, NJ 07311

201-342-6665

November 15, 2021

BY ECF
Hon. Katherine Polk Failla
United States District Judge
United States District Court for the
 Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



Re:   *SEC v. Adam Mattessich*, 18 Civ. 5884 (KPF)

Dear Judge Failla:

We write on behalf of defendant Adam Mattessich ("Mattessich") in accordance with Rule 2(C) of the Court's Individual Rules of Practice in Civil Cases requesting that discovery be reopened for the limited purpose of deposing a new corporate representative witness to be named by third-party Cantor Fitzgerald ("Cantor") or for a pre-motion conference regarding the same relief. Such a deposition would be limited in scope to the topics identified in the original subpoena to Cantor from the Securities and Exchange Commission ("SEC" or "Commission"), which is attached as Exhibit A. The SEC has informed us that it does not object to this request.

The parties' March 31, 2021 joint status letter to the Court (Dkt. 77) stated:

> The Commission has recently informed Mattessich that it intends to list a corporate representative from [Cantor] as a trial witness and has asked Cantor to identify a new representative, replacing Cantor's former representative who has left Cantor since being deposed in this matter. Cantor has not yet responded to this request. Should Cantor name a new corporate representative, Mattessich intends to seek leave of the Court, under separate cover and in accordance with Rule 3(C) of the Court's Individual Rules of Practice in Civil Cases, to depose Cantor's newly identified corporate representative. Mattessich otherwise agrees with the Commission that there is no need for additional discovery.

In recent conversations with the SEC and Cantor, we have learned that the SEC, pursuant to Federal Rule of Civil Procedure 45, has served a trial subpoena on Cantor for the testimony of a corporate representative witness. Cantor Assistant General Counsel David Paul (copied on this letter) has represented that he intends to designate a witness upon receipt of a deposition subpoena from Mattessich. The parties' have discussed potential deposition dates at the end of November or beginning of December but cannot finalize a date with Cantor until the individual

Page 2
November 15, 2021
Hon. Katherine Polk Failla

witness is designated and that person's availability determined.

Federal Rule of Civil Procedure 16(b) allows for a court-ordered discovery schedule to be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "The 'good cause' inquiry turns on the diligence" of the movant and can be satisfied only by "show[ing] that, despite its having exercised diligence, the applicable standard could not have been met." *Saray Dokum Ve Madeni Aksam Sanayi Turizm v. MTS Logistics, Inc.*, 335 F.R.D. 50, 52 (S.D.N.Y. 2020) (citations omitted). "A 'party seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite its diligence.'" *Id.* (quoting *King v. Friend of Farmer, Inc.*, 2000 WL 290355, at *1 (S.D.N.Y. Mar. 21, 2000). "The decision to re-open discovery is within a district court's discretion." *Krawec* v. *Kiewit Constructors Inc.*, No. 11 Civ. 123 (LAP), 2013 WL 1104414, at *8 (S.D.N.Y. Mar. 1, 2013).

Here, Mattessich exercised reasonable diligence and could not have deposed Cantor's newly designated witness prior to the end of discovery. As noted above, the SEC first informed Mattessich that it intended to call as a trial witness a newly designated corporate representative in March 2021, after the Court's opinion granting in a part and denying in part the SEC's summary judgment motion. Almost immediately thereafter, Mattessich informed the Court of the issue in the parties' joint status letter. The SEC having now brought the issue back to the fore with a trial subpoena, Mattessich submits this application.

The factors generally considered by courts in determining applications to reopen discovery favor Mattessich's request. *See Krawec,* 2013 WL 1104414 at *8 ("Courts also consider the following factors: 1) the imminence of trial; whether the request is opposed; 3) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; 4) prejudice to the non-moving party; and 5) whether further discovery is likely to lead to relevant evidence."). Here trial is still over 2.5 months away and will not be disturbed in any way by the application; the SEC does not object; Mattessich did not foresee the need to depose a new 30(b)(6) witness prior to the expiration of discovery; the SEC would suffer no prejudice by way of the application; and the corporate representative witness will be testifying at trial and her deposition is likely to lead to relevant evidence. For all these reasons, Mattessich requests leave to serve a subpoena on Cantor for the deposition of a new corporate representative witness.

Respectfully submitted,

/s/ Noam Greenspan

Noam Greenspan

Enclosure
cc:     all counsel of record (by ECF)
        David Paul, Esq. (by email)

Application GRANTED.  The Court will reopen discovery for the limited purpose of permitting the deposition of Cantor Fitzgerald's new corporate representative on the limited range of topics identified in the SEC's original subpoena to Cantor Fitzgerald.

The Clerk of Court is directed to terminate the pending motion at docket entry 82.

Date:     November 16, 2021          SO ORDERED.
          New York, New York

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE