UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        **Plaintiff,**<br><br>  -against-<br><br>ADAM MATTESSICH,<br><br>        **Defendant.** | 18 Civ. 05884 (KPF) |

## JOINT PRETRIAL ORDER

  Having conferred amongst themselves and with the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure, and pursuant to the Court's Order, entered December 7, 2021, and Rule 7(A) of the Court's Individual Rules of Practice in Civil Cases, the parties adopt the following statements, directions, and agreements as the Joint Pretrial Order in this case:

**I. FULL CAPTION OF THE ACTION**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        **Plaintiff,**<br><br>  -against-<br><br>ADAM MATTESSICH,<br><br>        **Defendant.** | 18 Civ. 05884 (KPF) |

## II. TRIAL COUNSEL

The names, addresses, and telephone and fax numbers of trial counsel are as follows[1]:

    A.    <u>Plaintiff Securities and Exchange Commission ("Plaintiff" or the "Commission")</u>

        Lee A. Greenwood
        Philip A. Fortino
        Preethi Krishnamurthy
        SECURITIES AND EXCHANGE COMMISSION
        New York Regional Office
        Brookfield Place
        200 Vesey Street, Suite 400
        New York, NY 10281
        Tel:  (212) 336-1100
        Fax:  (212) 336-1317

    B.    <u>Defendant Adam Mattessich ("Defendant" or "Mattessich")</u>

        Noam Greenspan
        Denis Kelleher
        TALKIN MUCCIGROSSO & ROBERTS LLP
        40 Exchange Place, 18th Floor
        New York, NY 10005
        Tel:  (212) 482-0007
        Fax:  (212) 482-1303

## III. STATEMENT AS TO SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction over this Commission enforcement action pursuant to Section 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78aa].  The defense does not object to this Court having subject matter jurisdiction.

## IV. SUMMARY OF CLAIMS AND DEFENSES

    A.    <u>Plaintiff's Summary of Claims</u>

The Commission has only one claim for liability against Defendant in this case.  The Commission alleges that Defendant, a licensed securities broker and supervisor, aided and abetted a

---

[1] In approximately February 2022, the Commission's New York Regional Office will be moving to 100 Pearl Street, New York, New York, 10004.

violation of the "Compensation Record Rule" [17 C.F.R. § 240.17a-3(a)(19)] by his employer, Cantor Fitzgerald & Co. ("Cantor Fitzgerald"), in violation of Exchange Act Section 20(e) [15 U.S.C. § 78t(e)].

### B.  Defendant's Summary of Defenses

The Commission has charged Mr. Mattessich with aiding and abetting a violation of the Compensation Record Rule.  This is the only claim for liability made by the SEC.  Mr. Mattessich intends to contest the Commission's claim but does not intend to assert any affirmative defense at trial.

## V.  TRIAL DURATION AND TRIAL BY JURY

The parties anticipate that trial will take approximately five to seven trial days.  The case is to be tried to a jury.

## VI.  JOINT STATEMENT SUMMARIZING THE CASE

This is an action brought by the United States Securities and Exchange Commission (the "SEC"), an independent agency of the federal government that enforces the federal securities laws—laws that govern securities like stocks and bonds, as well as people and firms that deal with securities. The SEC alleges that the defendant, Adam Mattessich, who was a licensed securities broker at a brokerage firm called Cantor Fitzgerald & Co., violated the federal securities laws.  Mr. Mattessich denies that allegation.

Specifically, the SEC alleges that Mr. Mattessich aided and abetted Cantor Fitzgerald's violation of a rule known as the Compensation Record Rule.  That rule requires brokerage firms like Cantor Fitzgerald to record the amount of money each of its brokers obtains in compensation or commissions for each purchase and sale of a security.

The SEC alleges that Mr. Mattessich aided and abetted Cantor Fitzgerald's violation of the Compensation Record Rule through sharing commissions with another broker at the firm off the books.  The other broker paid Mr. Mattessich a portion of commissions he received from Cantor Fitzgerald by personal check.

3

It has already been established that these payments to Mr. Mattessich were not recorded on Cantor Fitzgerald's books and records and, therefore, that Cantor Fitzgerald violated the Compensation Record Rule. The jury will be asked to decide whether the SEC has proven the two other elements of its claim—(1) that Mr. Mattessich either knew of or recklessly disregarded Cantor Fitzgerald's violation and (2) that Mr. Mattessich substantially assisted Cantor Fitzgerald's violation. Mr. Mattessich denies both that he knew of or recklessly disregarded Cantor Fitzgerald's violation and that he substantially assisted Cantor Fitzgerald's violation.

## VII. PEOPLE, PLACES, AND INSTITUTIONS LIKELY TO BE MENTIONED

    A.    <u>People</u>

1. Pascal Bandelier
2. Gary Distell
3. Deborah Evans
4. Jarred Kessler
5. Joseph Ludovico
6. Philip Marber
7. Bradley Mass
8. Adam Mattessich
9. William Nichols
10. David Paulukaitis
11. David Pennella
12. Jacob Schrader
13. Elon Spar
14. Ronald Wexler

    B.    <u>Places</u>

        1.    New York, New York

    C.    <u>Institutions</u>

        1.    Cantor Fitzgerald & Co.

        2.    Fairhills Capital

        3.    Financial Industry Regulatory Authority ("FINRA")

        4.    Magna Group

        5.    Securities and Exchange Commission

        6.    Smith Capital Management

**VIII.   TRIAL BEFORE A MAGISTRATE JUDGE**

The parties have not consented to trial by a magistrate judge.

**IX.   STIPULATIONS OR AGREED STATEMENTS OF FACT OR LAW**

        1.    The stipulations attached hereto as Exhibits A and B.

        2.    The documents Bates-stamped SEC-MATTESSICH-000041507 to SEC-MATTESSICH-000045527 are admissible for all purposes as records of a regularly conducted activity pursuant to Rule 803(6) of the Federal Rules of Evidence.

        3.    The document Bates-stamped SEC-MATTESSICH-000053945 is authentic pursuant to Rule 901 of the Federal Rules of Evidence.

        4.    No party may offer evidence of other parties' settlements with the Commission, provided that the Commission may offer such evidence to rebut evidence offered by Defendant.

5. Because Cantor Fitzgerald had no record of the commissions paid to Mattessich by Ludovico, Cantor Fitzgerald violated the Compensation Record Rule.[2]

## X.    TRIAL WITNESSES

A.    Plaintiff's Trial Witnesses

The Commission intends to offer testimony of the following witnesses in its case-in-chief:

| No. | Witness Name | In Person or By Deposition | Brief Summary of Substance of Testimony |
|---|---|---|---|
| 1 | Gary Distell | In Person | Mr. Distell is the former chief compliance officer of Cantor Fitzgerald; his testimony will include (a) his knowledge of Cantor Fitzgerald's policies and procedures concerning off-book commission-splitting and maintaining required books and records; and (b) his discovery of Defendant's commission-splitting arrangement with Ludovico. |
| 2 | Deborah Evans | In Person | Ms. Evans is a member of Cantor Fitzgerald's New Accounts Group; her testimony will include (a) a description of the process for changing the account executive ("AE") codes assigned to customer accounts; (b) the required approvals for changes to AE coverage by at least July 2012 (which included Defendant); and (c) emails she sent or received regarding AE coverage changes and approvals (including by Defendant). |
| 3 | Joseph Ludovico | In Person | Mr. Ludovico is a former Cantor Fitzgerald sales/execution trader; his testimony will include a description of the commission payments he made to Defendant via personal checks between approximately 2004 and 2013. |

---

[2] Defendant enters into this stipulation for purposes of all future proceedings before this Court only and preserves his right to object on appeal to the rulings in the Court's March 1, 2021 Memorandum Opinion and Order (Dkt. 76).

| No. | Witness Name | In Person or By Deposition | Brief Summary of Substance of Testimony |
|---|---|---|---|
| 4 | Bradley Mass | In Person | Mr. Mass is head of Cantor Fitzgerald's New Accounts Group and has been designated as the firm's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6); his testimony will include descriptions of (a) how Cantor Fitzgerald used AE codes to keep and maintain records of commission compensation; (b) Cantor Fitzgerald's policies and procedures concerning the payment and receipt of off-book commission compensation; (c) Defendant's annual certifications of compliance with Cantor Fitzgerald's policies and procedures; and (d) Cantor Fitzgerald's lack of records of any commission payments by Ludovico to Defendant. |
| 5 | Philip Marber | In Person | Mr. Marber is Cantor's former CEO; his testimony will include (a) his normal practice for granting requests to split commissions; and (b) that he never approved off-book commission payments to Defendant. |
| 6 | Adam Mattessich | In Person | Mr. Mattessich is the defendant; his testimony will include matters relevant to his conduct and scienter in this case, including the commission payments he received from Ludovico. |

| No. | Witness Name | In Person or By Deposition | Brief Summary of Substance of Testimony |
|---|---|---|---|
| 7 | David Paulukaitis | In Person | Mr. Paulukaitis is the Commission's expert witness in this case; his testimony will include (a) background on broker-dealer structure, supervision and licenses; (b) his opinion that the off-book payments in this case were not consistent with standard securities industry practices; and (c) his opinion that the off-book payments to Defendant presented an apparent conflict of interest in Defendant's supervision of Ludovico's trading activity. |
| 8 | Jacob Schrader | In Person | Mr. Schrader is a former Cantor Fitzgerald sales trader; his testimony will include a description of the commission payments he made to Defendant via personal checks for approximately two to three years from 2002 until approximately 2004 or 2005. |
| 9 | Elon Spar | In Person | Mr. Spar is a former Cantor Fitzgerald executive who supervised Defendant; his testimony will include that he never approved off-book commission payments to Defendant. |

The Commission reserves the right to call additional witnesses at the time of trial based upon the resolution of any motions *in limine*. In addition, the Commission reserves the right to call additional witnesses at the time of trial for purposes of impeachment and/or rebuttal.

B.    Defendant's Trial Witnesses

| No. | Witness Name | In Person or By Deposition | Brief Summary of Substance of Testimony |
|---|---|---|---|
| 1 | Adam Mattessich | In Person | All aspects of this case, including his experience at Cantor Fitzgerald, the history of the commission splitting arrangements, conversations he had with others at Cantor Fitzgerald about the |

| No. | Witness Name | In Person or By Deposition | Brief Summary of Substance of Testimony |
|---|---|---|---|
| | | | issue of splitting commissions, the mechanics of the commission splitting, administrative issues with his AE code, policies and procedures at Cantor Fitzgerald, patterns of practice at Cantor Fitzgerald relating to commission splitting, investigative steps taken by Cantor Fitzgerald with regard to commission splitting and Cantor Fitzgerald's response to the Mattessich-Ludovico commission splitting arrangement. |
| 2 | Ronald Wexler | In Person | The mechanics of the commission splitting at Cantor Fitzgerald, administrative issues with Adam Mattessich's AE code, policies and procedures at Cantor Fitzgerald, patterns of practice at Cantor Fitzgerald relating to commission splitting, investigative steps taken by Cantor Fitzgerald with regard to commission splitting and Cantor Fitzgerald's response to the Mattessich-Ludovico commission splitting arrangement. |
| 3 | Joseph Ludovico | In Person | The history of the commission splitting arrangements, conversations he had with others at Cantor Fitzgerald about the issue of splitting commissions, the mechanics of the commission splitting, administrative issues with Mattessich's AE code, policies and procedures at Cantor Fitzgerald, patterns of practice at Cantor Fitzgerald relating to commission splitting, investigative steps taken by Cantor Fitzgerald with regard to commission splitting and Cantor Fitzgerald's response to the Mattessich-Ludovico commission splitting arrangement. |
| 4 | Jacob Schrader | In Person | The history of the commission splitting arrangements, conversations he had with others at Cantor Fitzgerald about the |

| No. | Witness Name | In Person or By Deposition | Brief Summary of Substance of Testimony |
|---|---|---|---|
| | | | issue of splitting commissions, the mechanics of the commission splitting, policies and procedures at Cantor Fitzgerald, patterns of practice at Cantor Fitzgerald relating to commission splitting. |
| 5 | David Pennella | In Person | The history of the commission splitting arrangements, conversations he had with others at Cantor Fitzgerald about the issue of splitting commissions, the mechanics of the commission splitting, administrative issues with Mattessich's AE code, policies and procedures at Cantor Fitzgerald, patterns of practice at Cantor Fitzgerald relating to commission splitting, investigative steps taken by Cantor Fitzgerald with regard to commission splitting and Cantor Fitzgerald's response to the Mattessich-Ludovico commission splitting arrangement. |

## XI. DEPOSITION TESTIMONY TO BE OFFERED BY THE PARTIES

The Commission intends to call all witnesses live.  In addition, during its case-in-chief, the Commission may introduce certain of the admissions that Defendant made in (1) sworn testimony before FINRA, a self-regulatory organization, in December 2013; (2) Commission investigative testimony he gave in 2017 and 2018; and (3) deposition testimony he gave in this case in February 2020. Designations of such portions of Defendant's FINRA testimony, Commission investigative testimony, and deposition testimony are attached hereto as Exhibit C and have also been pre-marked as Plaintiff's Exhibits 10 and 11.

Defendant does not intend to offer any deposition testimony during his case-in-chief.

## XII.    EXHIBITS TO BE OFFERED BY THE PARTIES

    A.    <u>Plaintiff's Exhibits</u>

Exhibit D is the list of the Commission's exhibits to be offered in its case-in-chief, with one star indicating exhibits to which Defendant does not object on the grounds of authenticity and two stars indicating exhibits to which Defendant does not object on any ground.  The Commission reserves the right to supplement this list with newly discovered documents and to present demonstratives or illustrative exhibits and summaries permitted by Federal Rule of Evidence 1006.

    B.    <u>Defendant's Exhibits</u>

Exhibit E is the list of Defendant's exhibits to be offered in his case-in-chief, with one star indicating exhibits to which the Commission does not object on the grounds of authenticity and two stars indicating exhibits to which the Commission does not object on any ground.  Mr. Mattessich reserves the right to supplement this list with newly discovered documents and to present demonstratives or illustrative exhibits and summaries permitted by Federal Rule of Evidence 1006.

## XIII.    REQUESTED RELIEF

The Commission seeks (1) an injunction enjoining Defendant from violating, directly or indirectly, Exchange Act 17(a)(1) [15 U.S.C. § 78q(a)(1)] and Rule 17a-3(a)(19) thereunder [17 C.F.R. § 240.17a-3(a)(19)]; and (2) a civil monetary penalty under Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)].  Such relief is to be determined by the Court only if the jury finds the Defendant liable.

To determine if injunctive relief is warranted, courts look to whether there is a substantial likelihood of future violations of the securities laws.  *SEC v. Cavanagh*, 155 F.3d 129, 135 (2d Cir. 1998). In considering whether there is a reasonable likelihood of future violations, courts look to the following factors:  (1) the fact that a defendant was found liable for illegal conduct; (2) the degree of scienter involved; (3) the isolated or repeated nature of the violation; (4) a defendant's recognition of the wrongful nature of his or her conduct; and (5) whether, because of his or her professional occupation, a

defendant might be in a position where future violations could be anticipated. *Id.* Because the statute of limitations applicable to the Commission's claim for injunctive relief is ten years, *see* 15 U.S.C. § 78u(d)(8)(B), the tolled limitations period for purposes of this injunctive relief is 2008 to the present.

To calculate civil monetary penalties, courts must first determine which of three statutory tiers are applicable to the violation. 15 U.S.C. § 78u(d)(3)(B); 17 C.F.R. § 201.1001. Courts are then authorized to impose civil monetary penalties for each "violation," up to the statutory maximum for the applicable penalty tier, in light of the facts and circumstances. 15 U.S.C. § 78u(d)(3)(B)(i). "In exercising this discretion, courts weigh (1) the egregiousness of the defendant's conduct; (2) the degree of the defendant's scienter; (3) whether the defendant's conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the defendant's conduct was isolated or recurrent; and (5) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition." *SEC v. Tourre*, 4 F. Supp. 3d 579, 593 (S.D.N.Y. 2014) (internal quotation marks omitted). Because the statute of limitations applicable to the Commission's claim for a civil monetary penalty is five years, *see* 28 U.S.C. § 2462, the tolled limitations period for purposes of this relief is 2013 to the present.

## XIV. UNANIMOUS VERDICT

The parties do not consent to a less than unanimous verdict.

Dated: January 3, 2022
      New York, New York  /s/ Lee A. Greenwood
Lee A. Greenwood
Philip A. Fortino
Preethi Krishnamurthy
SECURITIES AND EXCHANGE
  COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281-1022
(212) 336-1060 (Greenwood)
GreenwoodL@sec.gov

*Attorneys for Plaintiff Securities and Exchange Commission*

Dated: January 3, 2022
      New York, New York  /s/ Denis P. Kelleher
Denis P. Kelleher
Noam Greenspan
TALKIN, MUCCIGROSSO & ROBERTS LLP
40 Exchange Place, 18th Floor
New York, NY 10005
(212) 542-3105 (Kelleher)
DKelleher@talkinlaw.com
NGreenspan@talkinlaw.com

*Attorneys for Defendant Adam Mattessich*