UNITED STATES DISTRICT COURT
SOURTHERN DISTRCIT OF NEW YORK
-------------------------------------------------------------
SECURITIES & EXCHANGE COMMISSION,

                          Plaintiff,

                                                  18 Civ. 5884 (KPF)

-against-

ADAM MATTESSICH,

                          Defendant.
-------------------------------------------------------------

# ADAM MATTESSSICH'S PROPOSED JURY INSTRUCTIONS

                                                          Denis Patrick Kelleher
                                                          Noam Greenspan
                                                          Talkin, Muccigrosso & Roberts LLP
                                                          40 Exchange Place suite 1800
                                                          New York, NY 10005
                                                          212-482-0007

I. GENERAL INSTRUCTIONS[1]

REQUEST NO. 1

Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them. Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

INSTRUCTION NO. 2

Duty of the Jury

---

[1] General Instructions 1-8, 10 Adapted from *SEC v. Fraser*, et. al. 14-cv-4644,(JSR) SDNY.

Your duty is to decide the fact issues in the case and arrive at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you at the start of your deliberations all the exhibits received in evidence, plus an index to help you locate particular exhibits you might want to review.

Finally, if you need to review particular items of testimony, we can arrange to provide them to you in transcript or read-back form.

Please remember, however, that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, or power points is evidence. Nor is anything I may have said evidence. The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence – whether live or by deposition, the exhibits that were received in evidence, and the stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted. Please remember that questions, although they may provide the context for answers, are not themselves evidence. Only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may

not consider anything you heard about the contents of any exhibit that was not received in evidence.

Furthermore, you should be careful not to speculate about matters not in evidence. For example, there is no legal requirement that the SEC prove its case through a particular witness or particular kind of evidence. Nor is the defense obligated to offer proof on any particular point or through any particular witness. Nor should you speculate about why some person whose name may have figured in the evidence is not part of this trial or what his or her situation may be. Also, as I previously instructed you, you should continue to turn away from any media article or report about this case or about the people, companies, or issues referred to during this trial, and not be affected by any outside information from any source whatsoever. In other words, your focus should be entirely on assessing the evidence that was presented here for your consideration, and on nothing else.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. These conferences, I know, were sometimes lengthy, but I assure you that they were necessary to make certain that you only heard evidence that was relevant and proper. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and

my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

INSTRUCTION NO. 3

Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let bias, or prejudice, or sympathy, or any other irrelevant consideration interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence

INSTRUCTION NO. 4

Burden of Proof

This is a civil case and as such the plaintiff − the U.S. Securities & Exchange Commission (which I may refer to as the "SEC") − has the burden of proving every element of its claim to you by what the law calls "a preponderance of the evidence." I will explain the elements of the claim shortly. If you conclude that the SEC has failed to establish any element by a preponderance of the evidence, you must decide against the SEC on the element you are considering. The defendant has no burden of proof, and is not required to present any evidence at all.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of

the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether the SEC has proven an element by a preponderance of the evidence, you may, unless otherwise instructed, consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have introduced them.

If you find that the credible evidence on a given element is evenly divided between the parties − that it is equally probable that the SEC is right as it is that the defendants are right − then you must decide that element in favor of Mr. Mattessich and against the SEC. That is because the SEC has the burden of proof and must prove more than simple equality of evidence − the SEC must prove the element at issue by a preponderance of the evidence. To put it differently, if you were to put all of the evidence in favor of the SEC and all of the evidence in favor of the defendants on opposite sides of a scale, the SEC would have to present enough evidence to make the scale tip to its side.

INSTRUCTION NO. 5

Direct and Circumstantial Evidence

In deciding whether or not the SEC has met its burden of proof, you may consider both direct evidence and circumstantial evidence. Direct evidence is evidence that proves a disputed fact directly. For example, where a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look

outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your common sense and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

## INSTRUCTION NO. 6
### Summaries and Charts Admitted As Evidence

Exhibits have been presented in the form of charts and summaries. I decided to admit these charts and summaries into evidence in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

INSTRUCTION NO. 7

Inferences Defined

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

An inference is not a suspicion or guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw. The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw – but not required to draw – from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

INSTRUCTION NO. 8

Witness Credibility

It must be clear to you by now that counsel for the SEC and counsel for the defendants are asking you to draw very different conclusions about various factual issues in the case.

Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness

testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent, or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the SEC or a defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should consider whether a witness had an opportunity to observe the facts he testified about. You should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

SUBSTATIVE CHARGE

INSTRUCTION NO. 9

I will now instruct you as to what the SEC must prove to establish in this case with respect to Mr. Mattessich.

**Aiding And Abetting a Books and Records Violation by Cantor**

The SEC alleges that Mr. Mattessich violated Section 20(e) of the Securities Exchange Act of 1934, by aiding and abetting a violation of SEC Rule 17a-3(a)(19) that was committed by Cantor.

In order to meet its burden of proof, the SEC must establish by a preponderance of the evidence each of the following elements:

First, that Cantor, as opposed to Mr. Mattessich, violated SEC Rule 17a-3(a)(19).

Second, that Mr. Mattessich had knowledge of Cantor's violation of SEC Rule 17a-3(a)(19).

Third, that Mr. Mattessich substantially assisted Cantor in the achievement of its violation of SEC Rule17a-3(a)(19).

Ultimately, the SEC must prove by a preponderance of the evidence that Mr. Mattessich consciously assisted the commission of Cantor's violation of Exchange Act Section 17(a) and SEC Rule 17a-3(a)(19) and knew he was doing this. The SEC need not show that Mr. Mattessich knew the precise language of Exchange Act Section 17(a) and SEC Rule 17a-3(a)(19), but the SEC must prove by a preponderance of the evidence that Mr. Mattessich understood that, as a consequence of his actions, Cantor risked committing a regulatory rules violation.

1.  **Element 1: Cantor's Primary Violation Of SEC Rule17a-3(a)(19)**

First, the SEC must establish by a preponderance of the evidence that Cantor, as opposed to Mr. Mattessich, committed a primary violation of Exchange Act Section 17(a) and SEC Rule17a-3(a)(19). To do this, the SEC must establish Cantor, as opposed to Mr. Mattessich, violated this SEC Rule which reads as follows:[2]

(a) Every member of a national securities exchange who transacts a business in securities directly with others than members of a national securities exchange, every broker or dealer who transacts a business in securities through the medium of any such member, and every broker or dealer registered pursuant to section 15 of the Act (15 U.S.C. 78o) must make and keep current the following books and records relating to its business:

(19) A record: (i) As to each associated person listing each purchase and sale of a security attributable, for compensation purposes, to that associated person. The record must include the amount of compensation if monetary and a description of the compensation if non-monetary. In lieu of making this record, a member, broker or dealer may elect to produce the required information promptly upon request of a representative of a securities regulatory authority.

I instruct you that this element has been satisfied and you do not need to deliberate on this element. You need only consider whether the SEC has proven each of the following two elements by a preponderance of the evidence.

---

[2] *SEC v. Apuzzo*, 689 F.3d 204 (2d Cir. 2012); *SEC v. DiBella*, 587 F3d 553 (2d Cir. 2009); *SEC v. Mattessich*, 523 F.Supp3d 624, 638 (SDNY 2021). While Mattessich disagrees with the Court's ruling on summary judgment that a primary violation has been established, Mattessich will concede for the purposes of the jury charge that this element has been established in light of the Court's ruling. However, Mattessich is not waiving this in the event this matter is heard by any appellate court and believes he should have been able to attack this element.

## 2.  Element 2: Actual Knowledge Of Cantor's Books & Records Violation

Second, the SEC must prove by a preponderance of the evidence that Mr. Mattessich had knowledge that Cantor was violating Exchange Act Section 17(a) and SEC Rule 17a-3(a)(19) in connection with Cantor's books and records of compensation of associated persons being inaccurate.[3]

"Knowingly" means to act voluntarily and deliberately, rather than inadvertently or by mistake. An act is done "knowingly" if it is done deliberately and purposefully; that is, the defendant's actions must have been his conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.[4]

Thus, the SEC must prove by a preponderance of the evidence that Mr. Mattessich consciously assisted the commission of Cantor's violation of Exchange Act Section 17(a) and SEC Rule 17a-3(a)(19).  The SEC need not show that Mr. Mattessich knew the precise language of Exchange Act Section 17(a) and SEC Rule 17a-3(a)(19), but the SEC must prove by a preponderance of the evidence that Mr. Mattessich understood that, as a consequence of his actions, Cantor risked committing a regulatory rules violation.[5]

---

[3] *SEC v. Apuzzo*, 689 F.3d 204 (2d Cir. 2012); *SEC v. DiBella*, 587 F3d 553 (2d Cir. 2009); *SEC v. Mattessich*, 523 F.Supp3d 624, 638 (SDNY 2021).
[4] Sand, Modern Federal Jury Instructions, Instr. 19-6.
[5] See SEC Summary Judgment motion. ECF Docket# 65, p.9, footnote 4. As the government conceded, recklessness is not an issue in this case.

**3.      Element 3: Substantial Assistance In Cantor's Violation Of SEC Rule 17a-3(a)(19)**

Finally, the SEC must prove by a preponderance of the evidence that Mr. Mattessich substantially assisted Cantor in the achievement of its violation of Exchange Act Section 17(a) and SEC Rule 17a-3(a)(19).

This requires that the SEC prove that Mr. Mattessich associated himself with Cantor's violation, that he participated in it as something that he wished to bring about, and that he sought by his action to make it succeed. In making this determination, you should consider Mr. Mattessich's knowledge of Cantor's primary violation, his intent (or lack of intent) to further it, and whether he undertook any action to assist Cantor's primary violation.[6]

INSTRUCTION NO. 10

In closing, each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors. That is the very purpose of jury deliberation to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence. However, you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without prejudice or favor to either party, and adopt that conclusion which in your good conscience

---

[6] *SEC v. Mattessich*, 523 F.Supp3d 624, 638 (SDNY 2021); *SEC v. Apuzzo*, 689 F.3d 204 (2d Cir. 2012); *SEC v. DiBella*, 587 F3d 553 (2d Cir. 2009); *SEC v. Falstaff Brewing Corp.*, 629 F2d 62,77 (DC Circuit 1980).

appears to be in accordance with the truth. If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. However, you should not hesitate to change an opinion which, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and must be unanimous. This completes my instructions of law.

Dated: New York, NY
January 3, 2022

/s/Denis Patrick Kelleher
Denis Patrick Kelleher
Noam Greenspan
Talkin, Muccigrosso & Roberts LLP
40 Exchange Pl. Suite 1800
New York, NY 10005
212-482-0007