**TALKIN, MUCCIGROSSO & ROBERTS, L.L.P.**
ATTORNEYS AT LAW
40 EXCHANGE PLACE
18TH FLOOR
NEW YORK, NEW YORK 10005

(212) 482-0007 PHONE
(212) 482-1303 FAX
WWW.TALKINLAW.COM
EMAIL: INFO@TALKINLAW.COM

MARYLAND OFFICE:
5100 DORSEY HALL DRIVE
SUITE 100
ELLICOTT CITY, MD 21042
410-964-0300

NEW JERSEY OFFICE:
2500 PLAZA 5
HARBORSIDE FINANCIAL CENTER
JERSEY CITY, NJ 07311
201-342-6665

February 9, 2022

**BY ECF**
Hon. Katherine Polk Failla
United States District Court for the
 Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *SEC v. Adam Mattessich*, 18 Civ. 5884 (KPF)

Dear Judge Failla:

      We write on behalf of defendant Adam Mattessich ("Mattessich") to seek further clarification of the Court's admonition regarding the elicitation of testimony about the state of Cantor Fitzgerald in late 2001 and early 2002. The Court previously granted the SEC's motion to preclude mentions of 9/11. 1/19/22 Conf. Tr. at 4. While noting that Mattessich's desire "to provide context for one or more conversations the defendant had with Cantor's CEO, Mr. Marber" was a "closer question" than other possible areas in which Mattessich believed that 9/11 provided context, the Court nevertheless concluded that references to 9/11 would be irrelevant and unduly prejudicial. *Id.* at 4-5. Defendant noted that ruling and attempted to speak carefully in opening statements about the state of the firm around the time of the Marber conversation without any mention or reference to 9/11. Nevertheless, the Court expressed, during a break in testimony, a concern about "trying to connect the dots in the manner that you did that in October of 2001, the firm was in turmoil," and that Cantor "had to move offices. You were going into the very issues I did not want to get into." 2/9/22 Trial Tr. at 103-104. Though it may seem a minor distinction, Mattessich points out that he did not mention October of 2001—a time period discussed solely by the SEC, *id.* at 42—and instead referred only to the time period of the Marber conversation in late 2001 or early 2002. Moreover, Mattessich's intention was and is not to attempt to allude to 9/11 but rather to provide the context regarding the state of the firm at a critical juncture without the potential prejudice of referring to the events of 9/11. To this end, we wish to engage with the Court in a discussion tomorrow to better understand what testimony the Court believes is and is not admissible in light of the Court's prior ruling. Thank you for your consideration of this letter.

      Respectfully submitted,

      /s/ Noam Greenspan

      Noam Greenspan